BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
SOO-YOUNG SHIN (Cal. Bar No. 350318)
Assistant United States Attorney
       Federal Building, Suite 7516
       300 North Los Angeles Street
       Los Angeles, California 90012
       Telephone: (213) 894-7137
       E-mail: soo-young.shin@usdoj.gov

Attorneys for Respondent

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIJIOKE ISAMADE,<br><br>            Petitioner,<br><br>            v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY/ICE.<br><br>            Respondent. | Case No. 2:25-cv-06799-JGB-DSR<br><br>**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Filed Concurrently with the Declaration of Soo-Young Shin<br><br>Honorable Daniel S. Roberts<br>United States Magistrate Judge |

1

## I.    INTRODUCTION

Petitioner brings this petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") against the U.S. Department of Homeland Security/ICE. This habeas petition challenges Petitioner's final order of removal. The Petition should be dismissed because this Court lacks jurisdiction over this matter. The petition for review process before the appropriate federal court of appeals in the only proper forum for judicial review of a final order of removal. Petitioner currently has a pending Petition for Review before the Ninth Circuit. Accordingly, this Petition must be dismissed.

## II.    STATEMENT OF FACTS

Petitioner is currently detained at Sacramento County Main Jail, in the custody of the Sacramento County Sheriff's Office. Petition at 1; Declaration of Soo-Young Shin ("Shin Decl."), ¶ 2, Ex. A. Petitioner has a pending Petition for Review before the Ninth Circuit under Case Number 25-1109, which was filed on February 21, 2025. Shin Decl., ¶ 3, Ex. B. The Petition for Review challenges the final administrative order of removal issued by the Department of Homeland Security in 2021. *Id.* Petitioner is proceeding *pro se*. *Id.* There is presently a stay of removal. Ct. Docket, *Isamade v. Bondi*, No. 25-1109 (9th Cir. February 21, 2025), Dkt. No. 33.

It appears that Petitioner mistakenly believes that his Petition for Review was dismissed for untimeliness. Petition at 5 ("Result: Untimely – Non Jurisdictional Foreclosure"). Petitioner complains about ineffective assistance of counsel, stating that counsel failed to timely file a Petition for Review before the Ninth Circuit which foreclosed his ability to challenge his final administrative removal order. *Id.* at 1-2. Petitioner also appears to claim that there were due process violations in the issuance of his final administrative removal order which he was unable to argue because his Petition for Review was untimely. *Id.* at 5-6.

However, as noted above, there is a pending Petition for Review before the Ninth Circuit, where Petitioner raises the same arguments regarding his final administrative order, *see* Ex. B at 9-12, and therefore, Petitioner's arguments in this action are unclear.

Petitioner's requested relief in the instant Petition is that the government reissue its order of removal, starting the removal process again with a notice of intent. *Id.* at 8.

## III. ARGUMENT

A federal court generally may not rule on the merits of a case without first determining that it has jurisdiction. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). "The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

### A. The Petition for Review Process is the Exclusive Means of Judicial Review of Final Orders of Removal

The REAL ID Act of 2005 amended 8 U.S.C. § 1252 "by eliminating federal habeas corpus jurisdiction over final orders of removal in favor of petitions for review that raise 'constitutional claims or questions of law.'" *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(9)). Under 8 U.S.C. § 1252(b)(9), "judicial review of all questions of law . . . including interpretation and application of statutory provisions . . . arising from any action taken . . . to remove an alien from the United States" is only proper before the appropriate federal court of appeals in the form of a petition for review of a final removal order. *See* 8 U.S.C. § 1252(b)(9); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999). Section 1252(b)(9) is an "unmistakable 'zipper' clause" that "channels judicial review of all [claims arising from deportation proceedings]" to a court of appeals in the first instance. *Id.*; *see Lopez v. Barr*, No. CV 20-1330 (JRT/BRT), 2021 WL 195523, at *2 (D. Minn. Jan. 20, 2021) (citing *Nasrallah v. Barr*, 590 U.S. 573, 579–80 (2020)).

Moreover, § 1252(a)(5) provides that a petition for review is the exclusive means for judicial review of immigration proceedings:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole

and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) [concerning aliens not admitted to the United States].

8 U.S.C. § 1252(a)(5). "Taken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue—whether legal or factual—arising from *any* removal-related activity can be reviewed *only* through the [petition-for-review] process." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) (emphasis in original); *see id*. at 1035 ("§§ 1252(a)(5) and [(b)(9)] channel review of all claims, including policies-and-practices challenges . . . whenever they 'arise from' removal proceedings"); *accord Ruiz v. Mukasey*, 552 F.3d 269, 274 n.3 (2d Cir. 2009) (only when the action is "unrelated to any removal action or proceeding" is it within the district court's jurisdiction); *cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 151 n.3 (2d Cir. 2006) (a "primary effect" of the REAL ID Act is to "limit all aliens to one bite of the apple" (internal quotation marks omitted)).

Critically, "[§] 1252(b)(9) is a judicial channeling provision, not a claim-barring one." *Aguilar v. ICE*, 510 F.3d 1, 11 (1st Cir. 2007). Indeed, 8 U.S.C. § 1252(a)(2)(D) provides that "[n]othing . . . in any other provision of this chapter . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." *See also Ajlani v. Chertoff*, 545 F.3d 229, 235 (2d Cir. 2008) ("[J]urisdiction to review such claims is vested exclusively in the courts of appeals[.]"). The petition-for-review process before the court of appeals ensures that aliens have a proper forum for claims arising from their immigration proceedings and "receive their day in court." *J.E.F.M.*, 837 F.3d at 1031–32 (internal quotations omitted); *see also Rosario v. Holder*, 627 F.3d 58, 61 (2d Cir. 2010) ("The REAL ID Act of 2005 amended the [IIRIRA] to obviate . . . Suspension Clause concerns" by permitting judicial review of "nondiscretionary" BIA determinations and "all constitutional claims or questions of law.").

In *Singh v. Gonzales*, the Ninth Circuit addressed whether ineffective assistance of

counsel claims in a habeas petition could proceed after the enactment of the REAL ID Act with its jurisdiction channeling provision. There, the Ninth Circuit found that only one of the ineffective assistance of counsel claims could survive, because that claim arose after his attorney failed to file a timely petition for review and absent habeas review, there could be no judicial review of his claim. 499 F.3d 969, 980 (9th Cir. 2007). On the other hand, the Ninth Circuit did not allow Singh to raise a different ineffective assistance of counsel claim that arose before a final order of removal entered. *Id.* at 974.

Here, while Petitioner complains about ineffective assistance of counsel and specifically that counsel failed to timely file a Petition for Review, Petition at 1-2, there is currently a pending Petition for Review. *See* Ex. B; Ct. Docket, *Isamade v. Bondi*, No. 25-1109 (9th Cir. February 21, 2025). Petitioner's complaint about due process violations in the issuance of his final administrative removal order, Petition at 5-6, is "bound up in and an inextricable part of the administrative process[.]" and can only be judicially reviewed through his Petition for Review before the Ninth Circuit. *J.E.F.M.*, 837 F.3d at 1033. Any other complaints about ineffective assistance of counsel that Petitioner may have occurring prior to the filing of the Petition for Review could also only be judicially reviewed by the Ninth Circuit.

**B.    Under 8 U.S.C. § 1252(g) the Court Lacks Jurisdiction Over Petitioner's Challenge to His Removal Proceedings**

8 U.S.C. § 1252(g) provides that:

> [e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

"When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. U.S. Citizenship & Imm. Servs.*, 964 F.3d 1250, 1257-58 (11th Cir. 2020).

Section 1252(g) applies "to three discrete actions[:] . . . [the] 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.* ("AADC"), 525 U.S. 471, 482 (1999) (emphasis in original); *Rauda v. Jennings*, 55 F.4th 773, 777 (9th Cir. 2022) (§ 1252(g) precludes judicial review of execution of removal order). Thus, to the extent Petitioner's claim is challenging the government's decision with regards to these three discrete actions, § 1252(g) renders this Court without jurisdiction. *See Eliazar G.C. v. Wolford*, 2025 WL 1124688, at *3 (E.D. Cal. Apr. 16, 2025) (no habeas jurisdiction over habeas petition seeking to stay execution of removal order).

Here, Petitioner is requesting that this Court mandate ICE reissue a removal order, thereby affording Petitioner new proceedings. Petition at 8. This is a direct challenge to all three actions by the government -- to commence proceedings, adjudicate the case, and execute the removal order. Petitioner's pending Petition for Review is the only proper vehicle for which to challenge the government's decisions and actions.

**C.      This Court Should Dismiss this Petition under the Principle of Federal Comity**

Federal district courts exercise inherent power in the administration of their dockets, and use that power to not only conserve judicial resources, but also promote the efficient and comprehensive disposition of cases. *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952); *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 749 (9th Cir. 1979).

A district court has discretion to transfer, stay, or dismiss an action under the principle of federal comity whenever a suit is duplicative of a parallel action already pending in another federal court. *Cedars-Sinai Medical Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). District courts are provided great latitude in determining whether one

action is duplicative of another, and although there is no precise test for that evaluation, if the claims, parties, and available relief do not significantly differ between the two actions, courts will apply the principle of federal comity. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993); *Kerotest Mfg.*, 342 U.S. at 183-184.

Here, the Petitioner has a pending Petition for Review where he makes the same arguments that he makes in his habeas Petition. Not only does this Court lack jurisdiction, as discussed *supra*, but if this Court were to reach the merits of the Petition and provide the relief that Petitioner seeks, it would risk conflicting with any decision that the Ninth Circuit may reach on his Petition for Review.

## IV.    CONCLUSION

For the above reasons, the Respondent respectfully requests that Petitioner's habeas petition be dismissed or denied. Respondent does not believe that an evidentiary hearing is required.

Dated: November 13, 2025

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


    */s/ Soo-Young Shin*
SOO-YOUNG SHIN
Assistant United States Attorney

Attorneys for Respondent


## L.R. 11-6.1 Certification

Counsel of record for Respondents certifies that this brief contains 1,898 words, which complies with the word limit of L.R. 11-6.1.