**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHIJIOKE ISAMADE,

              Petitioner,

    v.

U.S. DEPARTMENT OF HOMELAND SECURITY / ICE,

              Respondent.

No. 2:25-cv-06799 JGB (DSR)

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON RESPONDENT'S MOTION TO DISMISS (DOC. NO. 9)**

This Report and Recommendation is submitted to the Honorable Jesus G. Bernal, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## 1.     INTRODUCTION

Before the Court is Respondent Department of Homeland Security's Motion to Dismiss the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  The Court has reviewed and considered the Petition (Doc. No. 1), Respondent's Motion to Dismiss (Doc. No. 9), Petitioner's Opposition to the Motion (Doc. No. 12),[1] Respondent's Supplemental Notice in Support of its Motion (Doc. No. 10), and

---

[1]     Petitioner filed five separate copies of his Opposition.  See Doc. Nos. 12, 13, 14, 15, and 17.  The various documents differ only in the contents of the exhibits attached thereto; the narrative points and authorities and Petitioner's declaration are identical across all five versions of Petitioner's Opposition.  The Court has also reviewed all of the exhibits attached to the various Oppositions.  Citations herein to Petitioner's Opposition are to Doc. No. 12, unless otherwise noted.

Respondent's Request for Judicial Notice (Doc. Nos. 11 and 16),[2] as well as the Court's own file and record in this case.  Although Respondent had the opportunity to file a Reply to Petitioner's Opposition by January 5, 2026, see Order Req. Resp. to Pet'n (Doc. No. 6) at ¶ 8, it did not do so.  The Motion therefore was deemed submitted for decision the following day, January 6, 2026.  After review of the papers timely submitted and the applicable law, the Court recommends Respondent's Motion to Dismiss be DENIED, for the reasons discussed below.

## 2.    BACKGROUND

Petitioner is a non-citizen subject to a Final Order of Removal issued by the Immigration Court in October 2021.  See generally Pet'n at ¶¶3-6.  He "fears torture and persecution by the government" in his native Nigeria "due to his membership in [a] social group . . . ." Id. at ¶ 11.  Petitioner therefore contends that he "has a prima-facie case under Convention Against Torture [sic] – showing that [his] only biological brother was killed due to membership is [sic] social group and Petitioner faces the same faith [sic] if returned under the" Final Order of Removal.  Id. at ¶ 12.

Petitioner did not raise that Convention Against Torture argument (or any other) in a Petition for Review of the Final Order of Removal to the Ninth Circuit, however, until more than three years after that Final Order of Removal.  See Apellant's Informal Opening Br., attached as Ex. "B" to Resp.'s Mot. (Doc. No. 9-3)

---

[2]    Petitioner initially filed an unsigned Request for Judicial Notice concurrently with the second copy of his Opposition on December 1, 2025 (Doc. No. 11).  He then filed a second, signed, copy of his Request for Judicial Notice concurrently with his fourth Opposition on December 9th (Doc. No. 16).  Both Requests for Judicial Notice ask for notice of the same fact – the Ninth Circuit's denial of his Petition for Review as untimely.  The only differences between the two Requests for Judicial Notice are that the first (Doc. No. 11) attaches a copy of the Ninth Circuit's Order whereas the second (Doc. No. 16) does not, and the second Request adds Petitioner's signature and a note that the Circuit Court's dismissal of his Petition for Review as untimely was "per Respondent [sic] Motion to Dismiss." Cf. Doc. No. 16 at p. 1, lines 17 and 28 with Doc. No. 11 at p. 1, lines 17 and 28.

2

at ECF p. 13, (raising fear of persecution in Nigeria based on membership in a "social group").  This was far outside the 30-day deadline for such filing – a fact Respondent pointed out in a Motion for Summary Denial of that Petition for Review.  See Opp'n at Ex. "A" (Doc. No. 12 at ECF p. 12).  On November 19, 2025, the Ninth Circuit granted Respondent's Motion for Summary Disposition of the Petition for Review as untimely, without reaching Petitioner's substantive arguments against his Final Order of Removal.  See Req. for Judicial Notice (Doc. No. 11) at Ex. "A."

Petitioner does not raise his Convention Against Torture argument, or any other substantive basis against the Final Order of Removal, in this habeas action.  Rather, Petitioner contends before this Court that his due process rights were violated by his immigration counsel's ineffective assistance in failing to file a timely Petition for Review.  See Pet'n at ¶¶ 6, 8(b), 13.  The relief he seeks from this Court is an order "[d]irect[ing] the government to reissue its order of removal to allow Petitioner a new 30 day period in which to file a timely petition Petition [sic] for Review in the Ninth Circuit to remedy counsel's deficient performance and cure the presumed prejudice from failure to file timely review which constitutes ineffective assistance of counsel."  Id. at ¶ 15.

At the time Petitioner filed this Section 2241 habeas petition, he was confined in the Sacramento Main Jail, id. at ¶ 2, but he has since been moved to Mule Creek State Prison (which the Court notes is a California state prison located in Amador County, outside Sacramento).  See Change of Address Notification (Doc. No. 18).  Why Petitioner is being held there, and who has custody of him, is unclear from the record.  Respondent has represented to the Ninth Circuit (in its Motion for Summary Denial of the Petition for Review) that "Petitioner is not currently in the custody of the United States Department of Homeland Security."  See Opp'n (Doc. No. 12) at Ex. "A," ECF p. 12, at Note 1.

3

Nevertheless, Respondent does raise in its Motion to Dismiss either a challenge under Section 2241(a) for improper venue in the Central District of California, or any challenge under Section 2241(c) on the ground that Petitioner is not in Respondent's custody.  The specific grounds on which Respondent does move to dismiss are discussed below.

**3.    DISCUSSION**

Respondent offers three reasons why this Court must, or at least should, dismiss the habeas petition: (1) this Court lacks jurisdiction under 8 U.S.C. §§ 1252(b)(9) and 1252(a)(5), (2) this Court lacks jurisdiction under 8 U.S.C. § 1252(g), and (3) this Court should defer, under principles of federal comity, to the Court of Appeals and its consideration of Petitioner's Petition for Review, which Respondent asserts is duplicative of this case.

**A.    Sections 1252(a)(5) and 1252(b)(9) Do Not Prevent This Court From Hearing Petitioner's Claim of Ineffective Assistance of Counsel, Aimed at Securing Petitioner His "Day in Court"**

Respondent's first argument for dismissal is that this Court lacks jurisdiction pursuant to the jurisdictional restrictions in 8 U.S.C. §§ 1252(a)(5) and 1252(b)(9). Section 1252(a)(5) provides that a Petition for Review in the Circuit Court is the "sole and exclusive means for judicial review of an order of removal."  Section 1252(b)(9) buttresses that provision by mandating that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order . . . ."  The Ninth Circuit has held that these sections, taken together, "mean that any issue – whether legal or factual – arising from any removal-related activity can be reviewed only through the [Petition for Review] process" in the Circuit Court.  J.E.F.M. v. Lynch, 837 F.3d 1026, 1031 (9th Cir. 2016)

4

(citing Viloria v. Lynch, 808 F.3d 764, 767 (9th Cir. 2015); Bibiano v. Lynch, 834 F.3d 966, 972-74 (9th Cir. 2016)).

The Ninth Circuit has also recognized, however, that those sections are tempered in two ways to ensure non-citizens receive their "day in court." See J.E.F.M., 837 F.3d at 1031.  First, they do not preclude all judicial review of administrative removal actions – they only limit how non-citizens can challenge such action by channeling such cases to the Circuit Courts.  Id. (citing Elgin v. Dep't of Treasury, 567 U.S. 1, 9 (2012)).  Second, the Ninth Circuit has "distinguished between claims that 'arise from' removal proceedings under § 1252(b)(9) – which must be channeled through the [Petition for Review] process – and claims that are collateral to, or independent of, the removal process."  Id. at 1032.  In particular, the Court has "recognized that the district court had jurisdiction over the petitioner's ineffective-assistance-of-counsel claim that arose after his attorney failed to file a timely" Petition for Review.  Id. (citing Singh v. Gonzales, 499 F.3d 969, 980 (9th Cir. 2007).

The second of these provisions, under Singh, is applicable to the matter now before the Court.  In Singh, the Petitioner was denied asylum and withholding of removal by the Immigration Judge, leading to a Final Order of Removal.  See 499 F.3d at 972-73.  His attorney then missed the 30-day deadline to file a Petition for Review of that decision with the Ninth Circuit.  Id. at 973.  Singh then filed a habeas petition in District Court under 28 U.S.C. § 2241 claiming, inter alia, that his lawyer "was incompetent in failing to file a timely petition for review" with the Circuit.  Id. The District Court dismissed his 2241 Petition for lack of jurisdiction under the REAL ID Act.  Id. at 974.

The Ninth Circuit then considered whether the that Act (specifically 8 U.S.C. §§ 1252(a)(5) and (b)(9), the same sections Respondent relies on here) precluded habeas review of an ineffective-assistance-of-counsel ("IAC") claim arising from an attorney's failure to file a timely Petition for Review.  499 F.3d at 975; see also at

5

979 ("the question before us is whether Singh's second IAC claim is a claim that seeks review of a final order of removal within the meaning of § 1252.").

Petitioner Isamade's claim before this Court is the same type of claim.  As in Singh, the injury Petitioner claims here as a result of his counsel's failure to file a timely Petition for Review is the "deprivation of an opportunity for direct review of the order of removal in the court of appeals."  Cf. 499 F.3d at 979; Pet'n at ¶ 15.  Here, as in Singh, if Petitioner ultimately proves his IAC claim, his "only remedy would be the restarting of the thirty-day period for the filing of a petition for review" in the Ninth Circuit."  499 F.3d at 979.  In fact, that is expressly the relief Petitioner seeks from this Court.  See Pet's at ¶ 15; Opp'n (Doc. No. 12) at 2:22-25.  As in Singh, if Petitioner is ultimately successful in this habeas case, the result "will lead to nothing more than a 'day in court' for [Petitioner], which is consistent with Congressional intent underlying the REAL ID Act."  499 F.3d at 979.  Thus, contrary to Respondent's argument for dismissal of this habeas matter, "Sections 1252(a)(5) and 1252(b)(9) of Title 8 do not preclude habeas review" over Petitioner's IAC claim.  499 F.3d at 980.

While Respondent acknowledges Singh in its Motion, its only attempt to distinguish that case's holding discussed above is to argue that "there is a currently pending Petition for Review" in the Ninth Circuit.  See Mot. at 5:8-10.  While at least one Court has distinguished Singh on that basis, see Nava v. Ceja, No. CV 12-3106-VBF JPR, 2012 WL 4069584, at *3 (C.D. Cal. July 10, 2012), Petitioner does not now have any pending Petition for Review at the Ninth Circuit, after the Circuit summarily denied it as untimely on Respondent's Motion.  See Resp. Suppl. Notice (Doc. No. 10).

The Court therefore recommends that Respondent's Motion to Dismiss on the basis that Sections 1252(a)(5) and 1252(b)(9) of Title 8 deprive the Court of jurisdiction over this habeas case be DENIED.

**B.    Section 1252(g) Also Does Not Bar Petitioner's Habeas Claim**

Respondent next argues that this Court lacks jurisdiction over Petitioner's habeas case under 8 U.S.C. § 1252(g).  That section states

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Section 1252(g) is a narrow provision that "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" Reno v. Am.-Arab Anti-Discrimination Comm. (AADC), 525 U.S. 471, 482 (quoting 8 U.S.C. § 1252(g)). "Instead of 'sweep[ing] in any claim that can technically be said to "arise from" the three listed actions,' the provision 'refer[s] to just those three specific actions themselves.'" Ibarra-Perez v. United States, 154 F.4th 989, 996 (9th Cir. 2025) (quoting Jennings v. Rodriguez, 583 U.S. 281, 294 (2018) (plurality opinion)).

In light of this narrow scope of Section 1252(g), Respondent argues "to the extent that Petitioner's claim is challenging the government's decision with regard to these three discreet actions, § 1252(g) renders this Court without jurisdiction" and cites a decision from the Eastern District of California finding that Section 1252(g) precludes hearing of a request to stay removal.  See Mot. to Dismiss (Doc. No. 9) at 6:8-11 (emphasis added) (citing Eliazar G.C. v. Wolford, No. 1:24-cv-01032-EPG-HC, 2025 WL 1124688, at *3 (E.D. Cal. Aprl 16, 2025)).  Respondent's argument, and authority, is inapposite.  Petitioner's claim is not challenging any of

7

the discreet actions subject to Section 1252(g)'s bar.  Petitioner challenges in this habeas case the adequacy of his counsel in failing to file a timely Petition for Review.  He does not challenge here the Attorney General's decision to commence proceedings against him, to adjudicate his case, or to execute his removal order.  He does not seek from this Court an order staying execution of his removal order.  As discussed above, the only relief he seeks in this habeas action is an order "direct[ing] the government to reissue its order of removal to allow Petitioner a new 30-day period in which to file a timely petition Petition [sic] for Review in the Ninth Circuit . . . ." Pet'n at ¶ 15.  This is the same relief the Ninth Circuit held in Singh that the District Courts have jurisdiction to enter.  Respondent's argument that such relief is a "direct challenge to all three actions by the government – to commence proceedings, adjudicate the case, and execute the removal order," Mot. at 6:14-16, is just the type of "sweep[ing] in [of] any claim that can technically be said to 'arise from' the three listed actions,'" that the Supreme Court and Ninth Circuit have found Section 1252(g) does not do.  Jennings, 583 U.S. at 294; Ibarra-Perez, 154 F.4th at 996.

Therefore, the Court recommends Respondent's Motion to Dismiss on the ground that 8 U.S.C. § 1252(g) precludes this Court from hearing Petitioners IAC claim be DENIED.

### C.    Respondent's Federal Comity Argument Fails

Finally, Respondent argues that, under principles of comity among federal courts, this Court should dismiss Isamade's habeas petition because "Petitioner has a pending Petition for Review where he makes the same arguments that he makes in his habeas Petition," and if this Court were to "reach the merits of this Petition and provide the relief that Petitioner seeks, it would risk conflicting with any decision that the Ninth Circuit may reach on the Petition for Review."  Mot. to Dismiss at 7:6-10.  This argument is based on a factual premise that is no longer accurate.  Petitioner does not have a pending Petition for Review at the Ninth

Circuit. The Ninth Circuit summarily dismissed that Petition on the government's motion as untimely, without reaching any of Petitioner's substantive arguments. Therefore, there is no other pending action in the Ninth Circuit for this Court to defer to and no risk that a decision by this Court on Petitioner's IAC claim on habeas will conflict with the Ninth Circuit's decision on the now-dismissed Petition for Review.

Accordingly, the Court recommends that Respondent's Motion to Dismiss this habeas proceeding as a matter of comity among the federal courts similarly be DENIED.

## 4.     CONCLUSION

While Petitioner ultimately wants to challenge his Final Order of Removal, he does not do so in this habeas case before this Court. The only relief he seeks from this Court is "a new 30 day period in which to file a timely [] Petition for Review in the Ninth Circuit to remedy counsel's deficient performance" in failing to file a timely Petition for Review. Pet'n at ¶ 15; cf. Singh, 499 F.3d at 979. Such relief, if warranted, serves only to allow Petitioner his "day in court" (i.e., the Ninth Circuit on a Petition for Review) on whatever substantive challenges he believes he has to his Final Order of Removal. Singh, 499 F.3d at 979.

The substantive question in this case is not the validity of Petitioner's Final Order of Removal, it is whether his counsel was constitutionally ineffective, in violation of Petitioner's his due process rights. The merits of that IAC claim, however, have not yet been briefed and therefore are not presently before this Court for decision. All that is presently before this Court is Respondent's argument that this Court lacks jurisdiction even to consider the merits of Petitioner's IAC claim. As discussed above, Respondent is wrong in that regard. This Court therefore recommends Respondent's Motion to Dismiss be DENIED, and that briefing on the merits of Petitioner's IAC claim proceed.

9

## 5.   RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation, (2) DENYING Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus, and (3) ORDERING Respondent to file an Answer to the Petition within 14 days of the Court's Order in that regard.


DATED: March 16, 2026          _____

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE


**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in Local Civil Rule 72 and review by the District Judge whose initials appear in the docket number.  Any objection to this Report and Recommendation must be filed **within twenty (20) days** pursuant to Local Civil Rule 72-3.4.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.