TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
SOO-YOUNG SHIN (Cal. Bar No. 350318)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7137
    E-mail: soo-young.shin@usdoj.gov

Attorneys for Respondent

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIJIOKE ISAMADE,<br><br>                    Petitioner,<br><br>                    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY/ICE.<br><br>                    Respondent. | Case No. 2:25-cv-06799-JGB-DSR<br><br>**RESPONDENT'S OBJECTIONS TO REPORT AND RECOMMENDATION**<br><br>Honorable Jesus G. Bernal<br>United States District Judge |

1

## I.   INTRODUCTION

Petitioner filed his petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") against the U.S. Department of Homeland Security/ICE challenging Petitioner's final administrative order of removal. Dkt. 1 (Petition). At the time of Respondent's motion to dismiss, the Petitioner had a pending Petition for Review ("PFR") raising the same issues as in his habeas petition. Dkt. 9 (Motion) at 2. After Respondent's Motion was fully submitted, the Ninth Circuit denied Petitioner's PFR. Dkt. 10 at 3.

The Magistrate Judge's Report and Recommendation ("R&R") concluded that Petitioner's "substantive arguments against his Final Order of Removal" was not considered by the Ninth Circuit, and drawing parallels to *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007), recommended that the district court dismiss the Motion and order Respondent to file an answer to the Petition for the merits of the Petition to be considered. Dkt. 22 (R&R) at 3, 5-6, 8-9.

Respondent objects to the R&R's conclusions because 1) the R&R erroneously analogized this case to *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007), which is distinguishable from the facts here; 2) the Petitioner raised the exact same issues raised here before the Ninth Circuit in his PFR and the Ninth Circuit did consider them when it found that "petitioner has not shown grounds for tolling in this case" Dkt. 10 at 3 (Ninth Circuit Order) – hence the issue has already been decided; 3) allowing this Petition to go forward would allow Petitioner to have a second bite at the apple and raise collateral estoppel and res judicata issues.

Accordingly, Respondent objects to the R&R and reiterates this Petition must be dismissed.

## II.   ARGUMENT

### A.   The Report and Recommendation erred in analogizing this case to *Singh v. Gonzales*

Petitioner is subject to an October 7, 2021 final administrative order of removal ("FARO"). Petition at 1-2; s*ee Isamade v. Bondi*, No. 25-1109 (9th Cir. July 1, 2025), Dkt.

46 at 48 (copy of FARO). The R&R mistakenly states that the Petitioner is "subject to a Final Order of Removal issued by the Immigration Court," citing to the Petition, and the R&R misconstrues Petitioner's claim as challenging that Final Order of Removal. R&R at 2-3. However, Petitioner uses the acronym FARO throughout his Petition and specifies that he is challenging his Final Administrative Order of Removal. Petition at 2.

A FARO is issued by DHS, which is authorized under 8 U.S.C. § 1228(b) "to order a limited class of non-citizens removed from the country without affording them a hearing before an immigration judge" if DHS establishes that the alien "(1) is not a citizen of the United States; (2) has not been lawfully admitted for permanent residence; and (3) has been convicted of an aggravated felony." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 991 (9th Cir. 2018). No court has jurisdiction to review any final order of removal of criminal aliens, 8 U.S.C. § 1252(a)(2)(C), except "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D); *see also* 8 U.S.C. §§ 1252(a)(5), 1252(b)(9).

The Petition and Petitioner's PFR before the Ninth Circuit both raised the same issues as to the FARO – that Petitioner's due process rights were violated because Respondent did not properly serve Petitioner and/or his counsel, which led to the untimely filing of a PFR 3 years late (filed by *pro se* Petitioner). Petition at 2-3, 6; Dkt. 9-3 ("PFR") at 10-13; *see also Isamade v. Bondi*, No. 25-1109 (9th Cir. July 1, 2025), Dkt. 46 at 19-22 (Petitioner's opening brief to the Ninth Circuit raising the same issues as in this Petition) ("Pet. Opening Brief"). While Petitioner refers to his claim as a claim of ineffective assistance of counsel and submits that his attorney failed to timely file a PFR, at bottom, his complaint is really that he could not have filed a timely PFR because he and/or his attorney were not properly served the Notice of Intent of the FARO. Petition at 5-6; PFR at 9-13; Pet. Opening Brief. He also alleges that the ICE officer induced him to sign paperwork and backdated documents to cure due process violations. Petition at 6; PFR at 9-13; Pet. Opening Brief. All of these issues were raised to the Ninth Circuit in Petitioner's PFR. PFR at 10-13; *see also* Pet. Opening Brief.

The Ninth Circuit necessarily considered these issues in denying the Petitioner's PFR, as it found that "[e]ven if the 30-day deadline could be equitably tolled, petitioner has not shown grounds for tolling in this case." (citation omitted). Dkt. 10 at 3 (Ninth Circuit Order).

The R&R erred in analogizing this matter to *Singh v. Gonzales* to find that the district court has jurisdiction over Petitioner's claim. In *Singh*, the Ninth Circuit reasoned that administratively unexhausted ineffective assistance of counsel ("IAC") claim could be considered by the district court on a habeas petition in the first instance, because there had never been a judgment on the merits of the IAC claim. 499 F.3d at 974. Here, the R&R failed to address that the Petitioner had raised the exact issues he raises here before the Ninth Circuit, Dkt. 9-3 (PFR) at 10-13; *Isamade v. Bondi*, No. 25-1109 (9th Cir. July 1, 2025), Dkt. 46 at 19-22 (Petitioner's opening brief), and that the Ninth Circuit rejected those arguments when it found that Petitioner did not present any grounds for tolling. Ninth Circuit Order. Moreover, *Singth* is also distinguishable as what Petitioner claims is not a true IAC claim, rather Petitioner is claiming that he was not provided sufficient notice of the FARO. Additionally, while *Singh* dealt with a final order of removal order issued by an Immigration Judge, *id.* at 973, here, Petitioner is challenging his final administrative order of removal issued by DHS. Petition at 1-2. Therefore, *Singh* is inapposite, and the Petition should be dismissed.

**B.    Adopting the Report and Recommendation would lead to collateral estoppel and res judicata issues, as this Court would be reviewing the same issues the Ninth Circuit has already reviewed**

Whether analyzed under the doctrine of collateral estoppel or res judicata, this Court would be reviewing the same issue already reviewed by the Ninth Circuit. Under the doctrine of collateral estoppel (also known as issue preclusion), once a court has decided an issue of fact or law necessary to its judgment, the decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case. *Montana v. United States*, 440 U.S. 147, 153-154 (1979). Four factors are required for the

application of issue preclusion: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits. *See Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012), as amended (May 3, 2012), *citing Montana*, 440 U.S. at 153-54; *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992).

Here, as discussed *supra*, the issues presented in this Petition and in the PFR before the Ninth Circuit were the same. Petition 1-6; PFR at 9-13; Pet. Opening Brief. The issue was actually litigated as the certified administrative record was filed before the Ninth Circuit, *Isamade v. Bondi*, No. 25-1109 (9th Cir. July 1, 2025), Dkt. 8, and while Petitioner in his PFR claimed his due process rights were violated, *see generally* PFR and Pet. Opening Brief, and to only have become aware of the FARO in January 2025, PFR at 13, the Ninth Circuit held that there were no grounds for tolling. Ninth Circuit Order. Factors three and four are also satisfied, as the Ninth Circuit allowed for full briefing on the PFR and the tolling issue was necessary to the Ninth Circuit's decision. The Ninth Circuit in its PFR decision specifically stated that it considered and rejected tolling in this case. Ninth Circuit Order (citing to *Riley v. Bondi*, 606 U.S. 259, 276-77 (2025), where the Supreme Court ruled that the 30-day deadline to challenge a removal order is non-jurisdictional and instead mandatory, but also noting that in *Riley*, the court did not address whether the deadline could be tolled, 606 U.S. at 266).

Res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). "The doctrine is applicable whenever there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" *Id.*

For the same reasons as the Petitioner is collaterally estopped from further litigating this issue, this Court should find under the doctrine of res judicata, that there is now a final

judgment as to the issues raised by the Petition, as per the Ninth Circuit's Order on the PFR. Finality requires that a litigant be precluded from re-litigating the same issues in different forums. By recommending that the district court allow this Petition to move forward and be decided on the merits, the R&R is recommending that the district court be allowed to re-visit issues that the Ninth Circuit has already addressed.

## III.    CONCLUSION

For the foregoing reasons, Respondent requests that its objections be sustained and that the Petition be denied.

Dated: April 6, 2026                    Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


    _/s/ Soo-Young Shin_
SOO-YOUNG SHIN
Assistant United States Attorney

Attorneys for Respondent


### L.R. 11-6.1 Certification

Counsel of record for Respondent certifies that this brief contains 1,591 words, which complies with the word limit of L.R. 11-6.1.